[No. 12857. Department Two. February 2, 1916.]

CHARLES PETERSON, *Respondent*, v. J. W. BREWER *et al.*, *Appellants.*[1]

CORPORATIONS—STOCK—SALE—WARRANTY—EVIDENCE—SUFFICIENCY. A warranty that stock sold was of the value of $235 a share is sufficiently sustained by evidence of the purchaser that defendant specifically "guaranteed" its value to him at that sum at their first interview, and at the second interview, when others were present, he consented to guarantee the stock "as he had promised;" although such other witnesses all testified only to a general warranty at the second interview; since their evidence did not contradict the plaintiff.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered October 14, 1914, upon findings in favor of the plaintiff, in an action in tort, tried to the court. Affirmed.

*Hurn & Upton* and *C. J. Lambert*, for appellants.

*W. E. Southard*, for respondent.

BAUSMAN, J. —Action in damages for deceit, tried without a jury, with a second cause of action on express warranty.

[1] Reported in 154 Pac. 788.

Plaintiff was a director and vice president of a bank when its defendant cashier sold him some more of its stock while concealing its insolvent condition. The evidence upon the first cause of action we find it needless to set out at length, since we are satisfied that, while a fraud was intended, the facts have not left it actionable.

We pass to the second cause of action. The cashier's alleged warranty was that the stock had a value of $235 a share, and the judgment of the lower court was for the purchase price on that basis. Defendant and his wife appeal.

The situation presented is that of a country bank in which the plaintiff, a farmer, obviously unfamiliar with banking, was one of three directors. The entire business, it is plain, was left to the cashier, defendant Brewer; and while plaintiff as a director would be estopped to plead ignorance of some things of which he complains were this action between himself and others, such as depositors, we see no reason to apply that rule as between him and Brewer. The plaintiff relates that, at the first interview concerning the purchase of this stock, Brewer specifically "guaranteed" its value to him at $235 a share. A second interview occurred some time later, when plaintiff brought a check with which to complete the purchase. He then said, there being some hesitation on Brewer's part as to accepting the check, that if Brewer would guarantee the stock "as he had promised," he, for his part, would have a man guarantee the check.

At this second interview others were present, all of whom agree that Brewer did warrant the stock in general terms, though none of them mention a particular amount, and plaintiff himself, testifying as to this talk, refers to Brewer's language as general. Cross-examined about this interview, he appears to state that what was then said about the warranty was all the warranty he ever had, but on redirect ex-

amination he reasserts that there was a warranty at the first interview, without again saying in what amount.

Now the lower court found explicitly in plaintiff's favor on a warranty in the express sum of $235 a share, and this court, following its numerous decisions to that effect, will not disturb such a finding where the evidence does not contradict it. Here we find everybody testifying to Brewer's warranting the stock in general, and the plaintiff testifying to its being warranted in a particular sum. Nobody, as to this last, contradicts him at all, so the contradiction, if any, must be inferred from his own narrative as we have set it out. The lower court, with all the witnesses before it, evidently found no inconsistency in his account of the two interviews, and the words "as he had promised," used at the second interview, fairly imply that the witness did not mean to withdraw what he had said as to the first. The lower court also found the stock to have been worthless when sold to plaintiff.

Judgment affirmed.

MORRIS, C. J., MAIN, HOLCOMB, and PARKER, JJ., concur.